

1345 AVENUE OF THE AMERICAS – 11TH FLOOR<br>
NEW YORK, NEW YORK 10105<br>
TELEPHONE: (212) 370-1300<br>
FACSIMILE:  (212) 370-7889<br>
www.egsllp.com

July 25, 2018

**VIA ECF FILING**

Hon. Allison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *In re Michael Stapleton Associates, Ltd.*, **17 Civ. 5468 (AJN)**
              **Plaintiffs' Third-Party Subpoenas**

Dear Judge Nathan:

      We represent Defendant Michael Stapleton Associates, Ltd. ("MSA Security") in the above-referenced matter. We submit this letter motion pursuant to Rules 1(B) and 2(C) of Your Honor's Individual Rules. The dispute concerns subpoenas Plaintiffs have served upon four clients of Defendant Michael Stapleton Associates, Ltd. ("MSA Security"): Empire State Realty Trust, Federal Protective Service, Goldman Sachs Group, Inc. and U.S. Department of Homeland Security. They each have a return date of July 27, 2018. These subpoenas are clearly overbroad and seek irrelevant and confidential MSA Security information. They should be quashed or modified.

      One overarching defect in the subpoenas is that it is improper to request, particularly in a third-party subpoena, "all documents related to" a certain subject. In this Circuit, "[c]ourts have often found that such blanket requests are overbroad and impermissible." *United States Sec. & Exch. Comm'n v. Ahmed*, 2018 WL 1541902, at *2 (D. Conn. Mar. 29, 2018) (Denying motion to compel compliance with a subpoena seeking "all documents" on various subjects); *see, e.g., Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (subpoena requesting production of "[a]ll documents and communications, whether paper, electronic or other media, referring or relating to [the plaintiff] including but not limited to personnel files, disciplinary files, and any other employment documents or records ... was overly broad"); *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014)) (finding that a "request for 'any and all' documents ... is inherently overbroad")). This overbreadth is, on its own, a basis to quash Plaintiffs' subpoenas. We address below additional objections to individual document requests in the subpoena.

{00608598.DOC.1}



Letter to Hon. Alison J. Nathan
July 25, 2018
Page 2 of 3

Request No. 1: All Contracts Including Proposals and Drafts)

Plaintiffs request "all contracts" between MSA and the subpoenaed parties. As an initial matter, the terms of the contracts have nothing to do with this case. Plaintiffs need to prove that they performed work for which they were not paid. The contracts' terms do not show how many hours the handlers worked versus how many hours they were paid for or what tasks they performed during that work. Proposals and drafts have even less to do with this case. Moreover, under no circumstances are "all documents" related to those contracts relevant to this case.

Request No. 2: All Documents Sent or Received.

For similar reasons, Defendants object to Plaintiffs' effort to subpoena "all documents sent or received to the subpoenaed parties that relate in any way to services provided by MSA." Again, under no circumstances are "all" such documents discoverable. Only documents that show how many hours Plaintiffs worked are relevant. Accordingly, this request should be limited to those documents relating to the number of hours Plaintiffs worked.

Request No. 3: All Documents Related to Training.

Moreover, Defendants object to Plaintiffs' request for "all documents that in any way relate to the training of MSA explosive detection canines and explosive detection handlers." The Plaintiffs in this case claim that MSA did not pay them for off-duty dog training. Training of the Plaintiff handlers themselves has nothing to do with this case. Moreover, again, not "all documents related to" training are discoverable.

Request No. 5: All Documents Related to Monthly Reports.

Not all documents related to any monthly reports to clients are discoverable. Again, only insofar as the documents touch upon the number of hours plaintiffs worked are they discoverable.

Request Nos. 7 and 12: Purported Tips and Bonuses.

These requests seek documents "regarding the payment of holiday or other bonuses" and "tips" that were purportedly "intended for the benefit of any explosive detection canine handlers." Neither the original complaints, nor any amended complaints, contain any allegations that any of these clients made payments that were for bonuses or tips for canine handlers. It is, therefore, inappropriate for Plaintiffs to propound discovery of any kind, let alone subpoenas, seeking this information. If Plaintiffs want such information, they need to make allegations in their complaint stating a claim related to them. Plaintiffs may not abuse the discovery process to gain information about claims that they have not brought or claims that they wish to bring in the future. Accordingly, both of these requests must be withdrawn.



Letter to Hon. Alison J. Nathan  
July 25, 2018  
Page 3 of 3

<u>Request Nos. 8-11: All Documents on Various Other Subjects</u>.

Finally, Plaintiffs make a series of request using the impermissible "all documents" formulation. They seek "all documents" concerning communications concerning hours worked by handlers, showing the hours worked by handlers, the names of handlers and their supervisors, and names of employees who interacted with handlers or any defendant. Even when Plaintiffs are requesting documents that are relevant, such as documents related to how many hours the plaintiffs worked at a given location, they are not entitled to "all documents" on that subject.

Documents Requested from DHS Containing Pricing Information

The Department of Homeland Security ("DHS") has indicated that 1,275 items are responsive to its subpoena. DHS gave MSA Security an opportunity to review the items. MSA Security believes that confidential pricing and financial information that is completely irrelevant to this case should be redacted from 110 of those items and that the subpoena should be quashed to the extent it calls for the unredacted production of those 110 items.

<u>The Parties Met and Conferred</u>

We corresponded with Plaintiff's counsel on this issue and held a teleconference in an effort to resolve these issues on July 10, 2018. We were unable to do so. Counsel for Plaintiffs and MSA conferred today about the proposal to redact the 110 items discussed above and were unable to reach agreement. Accordingly, we request an informal conference with the Court to resolve this dispute.

                                              Respectfully yours,

                                              ELLENOFF GROSSMAN & SCHOLE LLP

                                              Paul P. Rooney

cc:  All Counsel of Record (Via ECF)